UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steven Louis Barnes, | ) C/A No.: 4:11-01156-MBS-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Attorney Gregory William Seigler; | ) |
| Lt. Mark Howard, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

      The Plaintiff, Steven Louis Barnes, (Plaintiff/Barnes) filed this action in the Court of Common Pleas for McCormick County. After Plaintiff filed his amended complaint, Defendant Howard, with the consent of Defendant Seigler, filed a Notice of Removal to this court based upon issues of federal statutory and constitutional law.[1] Defendant Seigler filed a motion to dismiss on July 27, 2011. (Doc. #20). Because Plaintiff is proceeding pro se, the court issued an order on or about August 31, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of Defendant Seigler's motion to dismiss procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response on September 29, 2011. (Doc. #36).

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

MOTION TO DISMISS

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted when, accepting the facts set forth in the pleadings, the case can be decided as a matter of law. Tollison v. B & J Machinery Co., Inc., 812 F.Supp. 618, 619 (D.S.C.1993). See also S & S Const., Inc. of Anderson v. Reliance Ins. Co., 42 F.Supp.2d 622, 623 (D.S.C.1998). The standard is almost identical to the standard employed in considering a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Cont'l Cleaning Serv. v. United Parcel Serv., Inc., 1999 WL 1939249, * 1 (M.D.N.C.1999) (internal quotations omitted); see also Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir.2002). In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the complaint." Pledger v. North Carolina Dep't of Health & Human Servs., 7 F.Supp.2d 705, 707 (E.D.N.C.1998); Jadoff v. Gleason, 140 F.R.D. 330, 331 (M.D.N.C.1991) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed.2004)). In determining a motion for judgment on the pleadings, the court "may consider documents incorporated by reference in the pleadings." Parks v. Alteon, Inc., 161 F.Supp.2d 645, 649 n. 1 (M.D.N.C.2001); see also Fed. R. Civ. P 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir.2002) (documents attached to the answer are part of the pleadings for Rule 12(c) purposes where the documents are central to the plaintiff's claims and the authenticity is not challenged).

2

The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## **ARGUMENTS/ANALYSIS**

In this action, Plaintiff asserts a legal malpractice action based upon Defendant Seigler's representation of Plaintiff in an underlying criminal matter. Defendant Seigler was appointed to

3

represent Plaintiff is state court on the charge of throwing bodily fluid on an employee of the Edgefield County Detention Center. Plaintiff was found guilty. Plaintiff asserts among other issues that Counsel Seigler breached his fiduciary duty by failing to file a motion for an expert to review the video tapes given by the Solicitor to trial counsel, failed to file a Rule 5 discovery motion, and for relying on a policy and procedure with regard to discovery.

Defendant Seigler (hereinafter "Seigler") argues that this action should be dismissed for failure to state a claim, the complaint fails to comply with statutory requirements of South Carolina law as set forth in S.C. Code Ann. 15-36-100 (2008 Supp) regarding a claim asserting professional negligence, and that the Defendant named is not a proper party.

In his response in opposition, Plaintiff asserts that he has asked the courts to appoint him an attorney and an expert. Plaintiff argues that Defendant Seigler is guilty of negligence and fraud.[2] Plaintiff asserts the court should appoint him an expert and deny Defendant's motion to dismiss.

---

[2] To prove fraud under South Carolina Law, a plaintiff must prove the following elements by clear, cogent and convincing evidence:

(1) a representation;
(2) its falsity;
(3) its materiality;
(4) either the speaker's knowledge of its falsity or a reckless disregard of its truth or falsity;
(5) the speaker's intent that the representation be acted upon;
(6) the hearer's ignorance of its falsity;
(7) the hearer's reliance on its truth;
(8) the hearer's right to rely thereon; and
(9) the hearer's consequent and proximate injury.

Cheney Bros., Inc. v. Batesville Casket Co., Inc., 47 F.3d 111, 114 (4th Cir.1995).

First, Defendant did not act under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317–325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); Deas v. Potts, 547 F.2d 800, 800 (4th Cir.1976); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (stating that generally neither state nor state official acting in official capacity are "persons" within meaning of § 1983). Additionally, if Plaintiff is alleging negligence by Defendant, negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 238–36 & n. 3 (1986); Ruefly v. Landon, 825 F.2d 792, 798–94 (4th Cir.1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir.1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200–03, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

As previously stated, Plaintiff filed this action in state court and it was removed by the co-defendant with the consent of Defendant to federal court. Therefore, Plaintiff has alleged claims under South Carolina law for legal malpractice. In a legal malpractice action under South Carolina law, a plaintiff must prove that (1) the defendant was negligent, (2) the defendant's negligence proximately caused the plaintiff's injuries, and (3) damages resulted. Summer v. Carpenter, 328 S.C. 36, 492 S.E.2d 55, 58 (S.C.1997). "In South Carolina, attorneys are required to render services with the degree of skill, care, knowledge, and judgment usually possessed and exercised by member of the profession" statewide. Harris Teeter, Inc. v. Moore & Van Allen, PLLC, 390 S.C. 275, 701 S.E.2d 742, 745 (S.C.2010) (internal citations omitted). "Generally, a plaintiff in a legal malpractice action must establish this standard of care by expert testimony." Id., see also Hall v. Fedor, 349 S.C.

5

169, 561 S.E.2d 654 (S.C.App.Ct.2002). To prove his case, Plaintiff must show that he "most probably" would have been successful and not convicted if the alleged malpractice had not occurred. Hall v. Fedor, 561 S.E.2d at 657. "Attorneys will not be liable where, notwithstanding the attorney's negligence, the client had no meritorious defense to the suit in the first place." Brown v. Theos, 345 S.C. 626, 550 S.E.2d 304, 306 (S.C.2001). Additionally, "in an action for legal malpractice based on conviction of a crime the general standard is the plaintiff must show innocence of the crime in order to establish liability." Brown v. Theos, 550 S.E.2d at 306

Under S.C. Code §15-36-100, when a plaintiff files a complaint for damages alleging professional negligence, there must be a contemporaneous affidavit filed of an expert specifying the negligent act or omission. S.C. Code §15-36-100 (B) requires that "in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) [an attorney-G2]. . . the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." Id. Plaintiff has not filed an affidavit contemporaneously with the filing of his complaint. Accordingly, it is recommended that Defendant's motion to dismiss be granted.

## CONCLUSION

Based on the above, it is RECOMMENDED that Defendant Seigler's motion to dismiss (document # 20) be GRANTED.

Respectfully submitted,

October 21, 2011
Florence, South Carolina                              s/Thomas E. Rogers, III
                                                      Thomas E. Rogers, III
                                                      United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice.**