IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steven Louis Barnes, ) | |
| ) | Civil Action No. 5:11-1156-MBS-KDW |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Attorney Gregory William Seigler; ) | |
| Lt. Mark Howard, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On or about March 3, 2011, Plaintiff Steven Louis Barnes, a South Carolina state prisoner proceeding *pro se*, filed this action in the Court of Common Pleas for McCormick County, South Carolina. ECF No. 1-1 at 5. Plaintiff asserted claims for professional negligence and "fraud via breach of fiduciary duty" against Attorney Gregory William Seigler and a claim for fraudulent concealment against Lieutenant Mark Howard. *Id.* at 6-15. Plaintiff subsequently filed an amended complaint asserting an additional claim of gross negligence against Defendant Howard. *Id.* at 30-32. Plaintiff's amended complaint also alleged additional 42 U.S.C. § 1983 claims against Defendant Howard based on "violation of access of the court," a "due process violation via government interference in Plaintiff['s] defense at trial," and "spoilation of evidence." *Id.* at 32-39. Plaintiff's claims arise out of his being charged, tried, and ultimately convicted of throwing bodily fluids upon an officer. Plaintiff alleges that Defendant Seigler, who represented Plaintiff in this matter, breached his professional duty by failing to hire a private investigator and an expert, by failing to file a "Rule 5 Brady motion," by failing to keep Plaintiff reasonably informed about the status of his case, by failing to render competent service,

1

and by "breach of fiduciary duty." *Id.* at 9. On May 13, 2011, Defendant Howard, with the consent of Defendant Seigler, removed Plaintiff's action to this Court. ECF No. 1. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling.

On July 27, 2011, Defendant Seigler filed a motion for judgment on the pleadings as to Plaintiff's claims against him. ECF No. 20; *see* Fed. R. Civ. P. 12(c). Defendant Seigler contends that Plaintiff has failed to state a claim against him on which relief can be granted, and that Plaintiff's complaint does not comply with the requirements of S.C. Code § 15-36-100 in asserting a claim for professional negligence. Defendant Seigler further contends that because he was acting as an agent of the state of South Carolina at all relevant times, he cannot be sued personally under the South Carolina Tort Claims Act. On September 29, 2011, Plaintiff filed a response in opposition. ECF No. 36.

On October 21, 2011, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendant Seigler's motion to dismiss be granted.[1] ECF No. 48. The Magistrate Judge first noted that a court-appointed criminal defense attorney does not act under color of state law in providing traditional functions as counsel, and held that Plaintiff had not stated a valid § 1983 claim against Defendant Seigler.[2] *Id.* at 5. As to Plaintiff's state law claim for legal malpractice, the Magistrate Judge noted that under South Carolina Code section

---

[1] Plaintiff filed an amended complaint on October 24, 2011. ECF No. 50. Because Plaintiff's claims and allegations as to Defendant Seigler have not been altered, the Court will treat Defendant Seigler's motion to dismiss as applying to the current amended complaint.

[2] Although Plaintiff asserts various § 1983 claims against Defendant Howard, his complaint does not appear to assert any § 1983 claim against Defendant Seigler.

15-36-100, "in an action for damages alleging professional negligence against [an attorney] . . . the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." *Id.* at 6 (quoting S.C. Code § 15-36-100(B)). Because Plaintiff filed no such contemporaneous affidavit, the Magistrate Judge recommended that Plaintiff's claims against Defendant Seigler be dismissed.

On November 2, 2011, Plaintiff submitted a number of objections to the Magistrate Judge's Report and Recommendation. ECF No. 55. As relevant here, Plaintiff argues that the state law expert affidavit requirement is "procedural" rather than "substantive," and that under *Hanna v. Plumer*, 380 U.S. 460 (1965), a federal court should not apply it to the extent that it conflicts with federal law. Plaintiff further argues that, even assuming the expert affidavit requirement is considered "substantive," it does not apply to a claim for constructive fraud, and that therefore his constructive fraud claim should not be dismissed. Plaintiff also contends that Defendant Seigler has waived his argument concerning Plaintiff's failure to file a contemporaneous affidavit by failing to file an answer after being ordered by the Magistrate Judge on June 13, 2011, to do so.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). This Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

**DISCUSSION**

The Court initially notes that, contrary to Plaintiff's assertion, Defendant Seigler did in fact file an answer on July 13, 2011. ECF No. 16. Furthermore, this filing reveals that Defendant Seigler had previously filed answers to Plaintiff's original complaint and amended complaint in state court. Accordingly, there is no basis for Plaintiff's argument that Defendant Seigler had waived any defense.

Plaintiff's argument that this Court should not apply the state law expert affidavit requirement is likewise without merit. In cases involving diversity or pendent jurisdiction, a federal court should apply state substantive law and federal procedural law. *See Felder v. Casey*, 487 U.S. 131, 151 (1988); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). In determining whether a rule of law should be considered substantive or procedural, the question is whether it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Hanna*, 380 U.S. at 466 (citation omitted). This inquiry must be conducted in light of the two aims of the *Erie* doctrine: to avoid inequitable administration of the law and to discourage forum shopping. *Id.* at 467-68. Every district court in the District of South Carolina to consider this question has held that South Carolina Code section 15-36-100 is substantive state law. *See, e.g.*, *Alexander v. Rite Aid Corp.*, 2012 WL 80458 at *2 (D.S.C. Jan. 11, 2012); *Millmine v. Harris*, 2011 WL 317643 at *2 (D.S.C. Jan. 31, 2011). This Court agrees that to disregard such a law would significantly affect the result of litigation and encourage forum shopping, and therefore finds that section 15-36-100 must be applied in the present case. Accordingly, Plaintiff's claim

for professional negligence must be dismissed due to his failure to file an expert affidavit contemporaneously with his complaint.[3]

Finally, although Plaintiff correctly states that a claim for constructive fraud need not be accompanied by an expert affidavit, he has not alleged any such claim. Plaintiff's second cause of action against Defendant Seigler is for "fraud via breach of fiduciary duty," which does not exist under South Carolina law. However, further inspection reveals that Plaintiff's allegations are based on breaches of professional duty. Plaintiff alleges that Defendant Seigler "owed Plaintiff a legal responsibility" to file various motions and that Defendant Seigler breached this duty by failing to file them and representing to Plaintiff that they were filed. ECF No. 1-1 at 12-13. Because Plaintiff's second cause of action is merely a restatement of his claim for professional negligence, it must be dismissed for the reasons stated above. Furthermore, even assuming that Plaintiff intended to state a cause of action for fraud, he has not alleged facts sufficient to satisfy the elements of fraud under South Carolina law. *See Cheney Bros., Inc. v. Batesville Casket Co., Inc.*, 47 F.3d 111, 114 (4th Cir. 1995).

---

[3] The Court notes that South Carolina Code section 15-36-100(C)(2) states that "[t]he contemporaneous filing requirement . . . is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant." However, because the breaches of professional duty alleged by Plaintiff deal with Defendant Seigler's exercise of legal judgment, more than "common knowledge" is required to evaluate whether his actions violate the standard of care owed by members of his profession.

5

**CONCLUSION**

After a *de novo* review of the record in this case, the Court determines that Plaintiff's objections to the Magistrate Judge's Report and Recommendation are without merit. Accordingly, the Court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein.  Plaintiff's claims against Defendant Seigler are dismissed without prejudice.  The case is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Chief United States District Judge

Columbia, South Carolina
January 30, 2012