IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Steven Louis Barnes, | ) | C/A No. 5:11-1156-MBS-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| Lt. Mark Howard, | ) | |
| Defendant. | ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §1983. Plaintiff sued Attorney Gregory William Seiglier and Lt. Mark Howard initially. However, on January 30, 2012, the Honorable Margaret B. Seymour issued an order dismissing claims against Defendant Seiglier without prejudice. ECF No. 73.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983. Here, the court considers the following pending, nondispositive motions: Plaintiff's motion to appoint counsel, ECF No. 77; Defendant's motion for protective order, ECF No. 66; and Plaintiff's discovery-related motions –which include his motion for a continuance, ECF No. 43, in which he seeks to continue discovery before responding to Defendant's summary judgment motion; Plaintiff's motions to take depositions, ECF Nos. 47, 76; Plaintiff's motion to extend discovery, ECF No. 54; and Plaintiff's motion to compel, ECF No. 79.

**Motion to Appoint Counsel, ECF No. 77:**

On February 8, 2012, Plaintiff filed a Motion to Appoint Counsel, ECF No. 77, which Defendant opposed on February 27, 2012, ECF No. 81.

There is no constitutional right to have counsel appointed in a civil case. *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984). The court has discretion to

appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). The court, however, may appoint counsel in § 1983 cases when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basis factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (quoting *Whisenant,* 739 F.2d at 163)).

After a review of the pleadings and other documents in this case, the court finds that, at this time, factors are not present that reflect a need for Plaintiff to have counsel appointed. The case itself does not appear atypically complex, and Plaintiff has shown that he is able to represent his interests to this point.

Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

**<u>The Parties' Discovery-Related Motions, ECF Nos. 43, 47, 54, 66, 77:</u>**

Defendant has asked for protection from discovery from Plaintiff. ECF No. 66. As Defendant explains, he filed a motion for summary judgment on September 1, 2011, in which, among other things, he raises the defense of qualified immunity. ECF No. 28. Accordingly, Defendant seeks protection from being required to respond to Plaintiff's discovery requests prior to disposition of their summary judgment motion. Plaintiff responded to this motion, arguing that Defendant is not entitled to qualified immunity. ECF No. 71.

Because Defendant raises the defense of qualified immunity, the court finds he is entitled to protection from discovery pending a disposition of his summary judgment motion. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (noting Court has "made clear that the 'driving force' behind creation of the qualified immunity doctrine was a

desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery.") (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, n.2 (1987) (further internal quotation marks omitted)); *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1986) (stating qualified immunity questions should be resolved before discovery).

Defendant's motion for a protective order, ECF No. 66, is granted. Defendant is not required to further respond to any of Plaintiff's pending discovery requests, nor will he be required to respond to any further requests prior to disposition of the pending motion for summary judgment. Accordingly, Plaintiff's discovery-related motions (ECF Nos. 37, 43, 47, 54, 76, and 79) are denied at this time.

### Conclusion

Therefore, for the foregoing reasons, it is ORDERED that Plaintiff's motion to appoint counsel, ECF No. 77, is denied; Defendant's motion for protective order, ECF No. 66, is granted; and Plaintiff's discovery-related motions—motion to continue discovery, ECF No. 43; motions to take depositions, ECF Nos. 47, 76; motion to extend discovery, ECF No. 54; and motion to compel, ECF No. 79—are denied.

IT IS SO ORDERED.

May 2, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge