IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Steven Louis Barnes, | ) |
|               Plaintiff, | ) Civil Action No. 5:11-1156-MBS-KDW |
| vs. | ) **ORDER AND OPINION** |
| Lt. Mark Howard, | ) |
|               Defendant. | ) |

On or about March 3, 2011, Steven Louis Barnes ("Plaintiff"), a South Carolina state prisoner proceeding *pro se*, filed this action in the Court of Common Pleas for McCormick County, South Carolina. ECF No. 1-1 at 5. Plaintiff asserted a claim for fraudulent concealment against Lieutenant Mark Howard ("Defendant"). *Id.* at 6-15. Plaintiff subsequently filed an amended complaint asserting an additional claim of gross negligence against Defendant. *Id.* at 30-32. Plaintiff's amended complaint also alleged additional 42 U.S.C. § 1983 claims against Defendant based on "violation of access of the court," a "due process violation via government interference in Plaintiff['s] defense at trial," and "spoilation of evidence." *Id.* at 32-39. Plaintiff's claims arise out of his being charged, tried, and ultimately convicted of throwing bodily fluids upon an officer. On May 13, 2011, the action was removed to this Court. ECF No. 1. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling.

On August 31, 2011, the Magistrate Judge issued a scheduling order requiring that discovery be completed by October 31, 2011 and that motions be filed by December 12, 2011. ECF No. 22. On September 1, 2011, Defendant filed a motion for summary judgment. By order

1

filed September 2, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately, and was ordered to respond within thirty-four days.  ECF No. 23.

Plaintiff filed a motion for a continuance on October 5, 2011, ECF No. 43; a motion to take a deposition on October 19, 2011, ECF No. 47; a motion to extend discovery on October 31, 2011, ECF No. 54.  Defendant filed a motion for a protective order on December 13, 2011, requesting that discovery be stayed pending resolution of his summary judgment motion.  ECF No. 66.  On January 2, 2012, the case was reassigned to United States Magistrate Judge Kaymani D. West.  On February 8, 2012, Plaintiff filed a motion to take depositions, ECF No. 76; a motion to appoint counsel, ECF No. 77; and a motion to compel discovery, ECF No. 79.

In a May 2, 2012 order, the Magistrate Judge denied all of Plaintiff's above motions and granted Defendant's motion for a protective order.  ECF No. 94.  The Magistrate Judge found that because Defendant has raised the defense of qualified immunity in his motion for summary judgment, he is entitled to protection from discovery pending disposition of this motion.  *Id.* at 2 (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  Also on May 2, 2012, the Magistrate Judge issued an order directing that Plaintiff respond to Defendant's motion for summary judgment by May 21, 2012.  ECF No. 95.  The Magistrate Judge advised that if Plaintiff fails to respond, the action would be recommended for dismissal with prejudice for failure to prosecute. *Id.* at 2.  On June 1, 2012, Plaintiff filed objections to the Magistrate Judge's May 2, 2012 orders.  ECF No. 106.

A district court may designate a Magistrate Judge to hear and determine any non-dispositive pretrial matters.  28 U.S.C. § 636(b)(1)(A).  A party may file objections to any pretrial order within fourteen days after being served with a copy.  Fed. R. Civ. P. 72(a).  The

district court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *Id.*

Plaintiff appears to argue that Defendant's motion for summary judgment violated the scheduling order in some way, but Plaintiff's argument is unclear. If Plaintiffs is contending that a motion for summary judgment cannot properly be filed until the deadline for discovery has passed, this is incorrect. Defendant moved for summary judgment based on the defense of qualified immunity and other legal grounds that do not depend on the sufficiency of Plaintiff's evidence. For the same reason, the Magistrate Judge properly stayed discovery pending the resolution of Defendant's summary judgment motion.

Because Plaintiff has not shown that the Magistrate Judge's orders were clearly erroneous or contrary to law, his objections are overruled.

**IT IS ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Chief United States District Judge

Columbia, South Carolina
June 26, 2012