IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Louis Barnes, | ) C/A No. 5:11-1156-MBS-KDW |
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| Lt. Mark Howard, | ) |
| Defendant. | ) |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendant Howard violated his constitutional rights.[1] This matter is before the court on the Motion for Summary Judgment filed by Defendant on September 1, 2011. ECF No. 28. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[2] on January 9, 2012, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response to the Defendant's Motion for Summary Judgment. ECF No. 31. Plaintiff responded to Defendant's motion on June 11, 2012, making this motion ripe for consideration. ECF No. 113. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.[3] Because this motion is dispositive, a Report and

---

[1] Plaintiff's claims against co-defendant Attorney Gregory William Seigler were dismissed without prejudice on January 30, 2012. ECF No. 73.
[2] On September 2, 2011, United States Magistrate Judge Thomas E. Rogers, III, entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).
[3] On January 2, 2012, the matter was reassigned from United States Magistrate Judge Thomas E. Rogers, III to the undersigned. ECF No. 69.

Recommendation is entered for the court's review.[4]

I.  Background

Plaintiff, Steven Louis Barnes, is an inmate housed within the SCDC. ECF No. 28-1 at 1. During the time period relevant to his Complaint, Plaintiff was housed at Edgefield County Detention Center. ECF No. 50 at 1. Plaintiff filed his initial Complaint on or about March 3, 2011 in the Court of Common Pleas of McCormick County, South Carolina. ECF No. 1. Plaintiff filed an Amended Complaint dated April 8, 2011 that was removed by Defendants to the United States District Court, District of South Carolina, on May 13, 2011. *Id.* Plaintiff submitted a second Amended Complaint on October 24, 2011, which the court permitted to be filed and served. ECF No. 50. Plaintiff's complaints allege constitutional and state law claims against Defendant, including denial of access to courts and due process violations via government interference in Plaintiff's defense at trial. ECF No. 50. Plaintiff seeks special damages in an amount up to $500,000; compensatory damages in the amount of $75,000; punitive damages in the amount of $1,000,000; and nominal damages of $1.

II.  Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that

---

[4] One other pending motion is addressed within.

assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III. Analysis

A. Defendant's Motion for Summary Judgment

Defendant moved for summary judgment arguing the following grounds: Plaintiff's claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) and its progeny; Plaintiff has failed to establish an access to courts claim that rises to the level of a constitutional violation; Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations; Plaintiff's

spoliation claim fails as a matter of law; and Defendant is entitled to qualified immunity. ECF No. 28-1. In his response to Defendant's Motion for Summary Judgment, Plaintiff waived his state and federal law claims that were related to his then-pending criminal case. ECF No. 113 at 10. Now, Plaintiff is pursuing only his denial-of-access-to-courts claim concerning his prior § 1983 excessive force lawsuit, Civil Action No. 4:08-2-MBS-TER. *Id.* at 4, 10.

1. Denial of Access to Courts Claim

Defendant contends that Plaintiff's facts do not "raise an 'access' to the courts claim, because it is clear that [Plaintiff] had access to the courts [in regard to his 2008 §1983 case], and he has not shown how the purported action or inaction of this Defendant hindered him in his case[]." ECF No. 28-1 at 5.

In support of his denial-of-access-to-courts claim, Plaintiff contends that, on or about January 2008, he filed a 42 U.S.C. § 1983 suit against former deputies with Edgefield County Sheriff's Department for "utilizing excessive use of force on plaintiff" when the defendants tased Plaintiff in an attempt to remove him from his cell. ECF No. 113 at 4-6; ECF No. 113-1 at 5. Plaintiff contends that he requested a copy of the video that depicted the circumstances surrounding the tasing, but did not receive a copy. *Id.* at 5; ECF No. 113-1 at 3. Plaintiff alleges that subsequently he was shown a copy of the video during preparation of his defense in his criminal case related to the tasing incident, but the video he was shown was incomplete. *Id.*; ECF No. 113 at 4. Plaintiff states that he found out on March 12, 2008 that Defendant was responsible for downloading the video in question. ECF No. 113-1 at 4. Plaintiff argues that Defendant's alleged deletion of scenes from the video caused the defendants in his prior § 1983 action to lie in their affidavits about what occurred during the taser incident. *Id.* Plaintiff

4

contends that the relief requested in his prior §1983 suit was delayed and frustrated by Defendant because Plaintiff needed an accurate copy of the videotape to support his request for declaratory and injunctive relief. *Id.* at 5.[5]

The right of access to the courts is the right to bring to court a grievance that the inmate wished to present and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 350–53 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353–55.

Plaintiff has failed to furnish facts or evidence sufficient to survive summary judgment. Defendant Howard has offered his own affidavit where he attests that he is responsible for charging the tasers and maintaining the tasers and software for the Edgefield County Sherriff's Office. ECF No. 28-2 at 2. Defendant states that when "one of our tasers is connected to the charger, it automatically downloads any stored videos, and those videos are maintained, through the taser software, on a computer." *Id.* Defendant attests that he cannot alter the downloaded taser videos and that he provided a complete and accurate copy of the taser video in question in response to a request from the Solicitor's office. *Id.* at 2-3. In response, Plaintiff offers his affidavit where he attests that "he is personally aware of said taser incident, and upon reviewing

---

[5] On September 29, 2009, the court granted the defendants' motion for summary judgment and dismissed Plaintiff's 2008 §1983 case.

the video in question, [he] notice[d] that it was not a true and accurate copy." ECF No. 113-1 at 3. Plaintiff avers that the beginning video scenes from the taser incident showing that he had his hands up and was backing up from the former Edgefield deputies were omitted from the video in question. *Id.* The undersigned finds that the conclusory, non-specific statements in Plaintiff's affidavit are not sufficient to demonstrate that Plaintiff had a "nonfrivolous" civil rights legal claim that had been "frustrated" or "impeded" by Defendant's actions. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [summary judgment] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.") Further, it is undisputed that Plaintiff was able to bring a civil rights action for excessive force against the Edgefield deputies in question, and that he was able to offer evidence, including his own testimony, in support of that matter. The undersigned therefore recommends that this claim be dismissed. *See Lewis v. Casey*, 518 U.S. 343, 349, 351-53 & n. 3, (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate some actual injury, i.e. that a nonfrivolous legal claim had been frustrated or was being impeded); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury).

   2. Qualified Immunity

Defendant contends that Plaintiff has failed to establish any claim against him, and even if the court were to construe a claim against him, he is entitled to qualified immunity. ECF No. 28-1 at 9. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions

generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case – that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted – then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

The record before the court shows, as to Plaintiff and the specific events at issue, that Defendant did not transgress any statutory or constitutional rights of Plaintiff that he was aware of in the discretionary exercise of his respective professional judgment. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that Defendant be granted qualified immunity.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant's Motion for Summary Judgment, ECF No. 28, be granted, and that this case be dismissed. If the court accepts this recommendation, Plaintiff's pending Motion for Limited Discovery, ECF No. 112, will be moot.

IT IS SO RECOMMENDED.

*[Signature: Kaymani D. West]*

August 1, 2012                                                                                              Kaymani D. West
Florence, South Carolina                                                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**