IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Steven Louis Barnes, ) | |
| ) | Civil Action No. 5:11-01156-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Attorney Gregory William Seigler; ) | |
| Lt. Mark Howard, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On or about March 3, 2011, Steven Louis Barnes ("Plaintiff"), an inmate in custody of the South Carolina Department of Corrections ("SCDC") at the Lieber Correctional Institution in Ridgeville, South Carolina, filed this pro se action in the Court of Common Pleas for McCormick County, South Carolina. ECF No. 1-1 at 5. Plaintiff asserted a claim for fraudulent concealment against Lieutenant Mark Howard ("Howard") of the Edgefield County Detention Center ("ECDC") in Edgefield, South Carolina, as well as claims for professional negligence and "fraud via breach of fiduciary duty" against his Attorney, Gregory William Seigler ("Seigler"). *Id.* 6-15. On April 8, 2011, Plaintiff filed an amended complaint asserting federal claims under 42 U.S.C. § 1983, against Defendant based on denial of access to the courts and "due process violation via government interference in Plaintiff['s] defense at trial," and state law claims for gross negligence and spoliation of evidence. *Id.* at 32-39. On May 13, 2011, Defendant removed the case to district court. *Id.* at 1. On January 30, 2012, the court dismissed Plaintiff's claims against Seigler without prejudice (the "January order"). ECF No. 73.

In an order dated September 27, 2012 (the "September order"), the court granted Howard's motion for summary judgment. ECF No. 127. In the same order, the court denied a motion Plaintiff filed that sought to have the court reconsider the January order. *Id.* The within matter is before the court on Plaintiff's motion to alter or amend the September order pursuant to FED. R. CIV. P. 59(e). ECF No. 130. In a separate filing, Plaintiff moves under Rule 59(e) with respect to the portion of the September order denying Plaintiff's motion to reconsider the January order. ECF No. 131.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of this matter's relevant factual and procedural background can be found in the September order. ECF No. 127. Plaintiff's claims arise out of an incident that took place at ECDC on November 3, 2007, that resulted in his criminal conviction for throwing bodily fluids on an officer. In their effort to restrain Plaintiff, the officers at the scene twice used their tasers. On January 2, 2008, Plaintiff filed a lawsuit that in part sought relief under 42 U.S.C. § 1983, alleging that the officers' use of force was excessive. *See Barnes v. Dedmondt*, C/A No. 4:08-0002-MBS, 2009 WL 3166576 (D.S.C. Sept. 29, 2009) ("*Barnes I*"). In this case, Plaintiff alleges he was unable to adequately litigate *Barnes I* because Howard altered the videotape footage of the incident. Plaintiff contends that Howard's conduct deprived him of his constitutional right to access the courts.[1]

---

[1] Initially, Plaintiff claimed that Defendant's failure to produce an unaltered version of the videotape hindered his ability to put on a defense in his criminal trial. In his declaration in response to Howard's summary judgment motion, Plaintiff waived those claims. ECF No. 113-1. The claims at issue in the September order, denial of access to the courts pursuant to 42 U.S.C. § 1983, and the state law claim of spoliation of evidence, pertain only to his ability to litigate *Barnes I*.

In granting Howard's motion for summary judgment[2], the court held that Howard's alleged alteration of the videotape footage did not give rise to a claim of denial of access to the courts. The court reasoned that Howard's alleged misconduct did not amount to denial of access because it did not impede Plaintiff from learning of the facts that gave rise to *Barnes I* or identifying the individuals to be named as defendants, as he was able to rely on personal knowledge in bringing the lawsuit. ECF No. 127 10-11 (citing *Christopher v. Harbury*, 536 U.S. 403 (2002); *Bell v. Milwaukee*, 746 F.2d 1205 (7th Cir. 1984); and *Joyce v. Mavromatis*, 783 F.2d 56 (6th Cir. 1997)). The court placed significant weight on Plaintiff's assertion in his complaint that, within several months of filing *Barnes I*, he had knowledge that the videotape footage had allegedly been altered, and that Defendant was the responsible party. *Id.* at 11. The court stated:

> Plaintiff's claim for denial of access fails because Plaintiff had a complete opportunity to litigate *Barnes I* in this court, during which Plaintiff could have investigated the integrity of the available videotape footage through discovery. In *Barnes I*, Plaintiff raised the issue of the altered videotapes in opposing the defendants' summary judgement motion. This court determined that Plaintiff's contention was unsupported by the evidence and insufficient to create a genuine issue when compared to the defendants' adequately supported motion for summary judgment. *Barnes v. Dedmondt*, C/A No. 4:08-0002-MBS, 2009 WL 3166576, *2 (D.S.C. Sept. 29, 2009). Unlike the plaintiffs in *Bell* and *Harbury*, Plaintiff has litigated the events in question and had the benefit of discovery in this court. Plaintiff has pleaded no new facts to convince this court that allowing this case to move forward will produce a different version of what happened or uncover official impropriety. Thus, because Plaintiff has not alleged that he was hindered from seeking redress in *Barnes I*, his denial of

---

[2] In a June 26, 2012 order, the court ruled that it was appropriate to decide Defendant's motion for summary judgment even though the deadline for discovery had not passed, as the motion was based on the defense of qualified immunity and other legal grounds that do not depend on the sufficiency of the evidence. ECF No. 115. As such, the September order reviewed Plaintiff's complaint for its legal sufficiency and to determine whether Defendant was entitled to qualified immunity.

3

access claim fails as a matter of law.

*Id.* In the absence of a constitutional deprivation, the court also ruled that Howard was entitled to qualified immunity. *Id.* at 11-12. In addition, the court dismissed Plaintiff's state law claim for spoliation of evidence on the grounds that no such cause of action is recognized in South Carolina. *Id.* at 12.

In the September order, the court denied Plaintiff's motion to have the court reconsider the January order, which dismissed Plaintiff's claims against Seigler, and to amend his complaint with respect to those claims. *Id.* at 13. The court stated that it "finds no basis under which it may grant Plaintiff relief from the court's non-prejudicial dismissal of his claims against his attorney." *Id.*

## II. STANDARD OF REVIEW

FED. R. CIV. P. 59(e) provides a mechanism for an aggrieved party to petition the court to alter or amend a judgment under certain limited circumstances. "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins.*, 148 F.3d 396, 403 (4th Cir. 1998). Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. *Keene Corp. v. Inter'l Fid. Ins. Co.*, 561 F. Supp. 656 (N.D. Ill.), *aff'd*, 736 F.2d 388 (7th Cir. 1982). Also, "[b]ecause of the interests in finality and conservation of judicial resources, Rule 59(e) motions are not at the disposal of an unsuccessful party to rehash the same arguments and facts previously presented." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991) (internal citation and quotations omitted). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id.* at 1082 (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

### III.  DISCUSSION

Plaintiff has filed two Rule 59(e) motions, ECF Nos. 130 & 131, that the court will analyze in turn.

**A.  *Motion to Alter or Amend the Judgment, ECF No. 130***

Plaintiff has filed a thirty-page brief in support of his motion to alter or amend the judgment from the September order. ECF No. 130. Plaintiff engages in a lengthy discussion of the case law upon which the court relied in its September order. Plaintiff appear to take issue with the court's application of several cases–*Christopher v. Harbury*, 536 U.S. 403 (2002); *Bell v. Milwaukee*, 746 F.2d 1205 (7th Cir. 1984); and *Joyce v. Mavromatis*, 783 F.2d 56 (6th Cir. 1997)–to the facts of this case, but his arguments are difficult to follow, and do not direct the court to specific errors in the September order. The court discerns no clear error in its discussion and application of those cases.

In addition, Plaintiff appears to argue that the court made factual inferences that intruded on the role of the jury. In ruling on Howard's motion for summary judgment, the court made plain that it was ruling on qualified immunity and other legal grounds that do not depend on the sufficiency of the evidence, due to the fact that the parties had not yet engaged in discovery. As such, the court's analysis centered on Plaintiff's complaint. Although the court took notice that

Plaintiff had filed suit and engaged in discovery in *Barnes I*[3], which suit Plaintiff referenced in his complaint, the court did not weigh evidence in the September order.[4]

After thorough review of the court's September order, the law, and Plaintiff's brief, the court discovers no intervening change in controlling case law, new evidence, or clear error of law that warrants reconsideration of the court's dismissal. Accordingly, Plaintiff's motion to alter or amend the judgment, ECF No. 130, is denied.

### B. *Motion to Alter or Amend the Judgment, ECF No. 131*

Plaintiff asserts that, in the September order, the court misconstrued his September 24, 2012 filing as a motion for reconsideration of the court's January order. ECF No. 131. Plaintiff contends that the court should have construed the filing as a motion to amend his complaint to assert a new claim against Seigler, and seeks to have the court alter its September order so as to grant Plaintiff leave to file an amended complaint. *Id.*

Although the September 24, 2012 filing had attached to it a proposed amended complaint asserting a fraud claim against Seigler, the motion sought "an order reopening [the court's] order dismissing, specifically, Plaintiff [sic] fraud count against attorney Gregory William Seigler . . . ." ECF No. 124. Plaintiff then stated, "if this court decide [sic] to reopen this case . . . , the plaintiff is further requesting, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, . . .

---

[3] A court may take judicial notice of matters in the public record without converting a motion to dismiss into one for summary judgment. *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). This includes prior court records. *See Wittholn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006).

[4] Plaintiff also contends that his complaint included a claim for "bad faith destruction of evidence," which the court failed to address in dismissing his case. ECF No. 130 at 24. The court does not find that Plaintiff pleaded such a claim. Therefore, this is not a basis for amending the court's September order.

to amend his fraud count of his complaint." *Id.* In the September order, the court found no reason to "reopen" the case. ECF No. 127 at 13.

Even if the court had treated Plaintiff's September 24, 2012 filing as a motion for leave to file an amended complaint, the motion would not have been availing, as it was filed well-over a year after the filing of the complaint and the responsive pleadings, and nearly nine months after the court had dismissed Plaintiff's claims against Seigler. *See* FED. R. CIV. P. 15. Moreover, having dismissed Plaintiff's federal claims, the court would not have elected to retain supplemental jurisdiction over the case in order to grant Plaintiff leave to file a state law fraud claim against Seigler. *See* 28 U.S.C. § 1367(c)(3) (providing that a court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction.").

Accordingly, Plaintiff's motion to alter or amend the judgment, ECF No. 131, is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's two motions to alter or amend the judgment, ECF Nos. 130 & 131, are **DENIED**.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina  
June 6, 2013